**WO**                                                                      KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaun M. Harris, | ) No. CV 07-374-PHX-SMM (DKD) |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Sgt. Meneses, et al., | ) |
| Defendants. | ) |
| | ) |

Plaintiff Shaun M. Harris, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Meneses, Carfagna, and Vance to answer Count I of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $9.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.      Complaint

Plaintiff names the following Defendants in the Complaint: (1) Sgt. Meneses, Maricopa County Towers Jail; (2) Officer Carfagna, Maricopa County Towers Jail; (3) Officer Frasier; and (4) Sgt. Vance, Maricopa County Towers Jail.

Plaintiff alleges twelve grounds for relief in the Complaint: (1) Defendants Meneses, Carfagna, and Vance subjected Plaintiff to the excessive use of force in violation of the Eighth Amendment; (2) Plaintiff's First Amendment rights are violated because he is not provided with Satanic materials with which to practice his faith; (3) Plaintiff receives spoiled and inadequate food in violation of the Eighth Amendment; (4) Plaintiff has received inadequate dental care in violation of the Eighth Amendment; (5) Plaintiff is denied access to a law library in violation of the Eighth Amendment; (6) Plaintiff is charged for the cost of psychiatric medications in violation of the Eighth Amendment; (7) Plaintiff is given post cards for personal correspondence, rather than paper and stamps; (8) Plaintiff's mail is read; (9) Plaintiff was charged for a canteen item he never received; (10) Plaintiff is housed in a cell with two other inmates; (11) Plaintiff is being overcharged for stamped envelopes; and (12) Plaintiff was housed for four days without blankets or sheets. Plaintiff seeks money damages.

## IV.      Failure to Link Claims with Named Defendants

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1    In Counts II through XII, Plaintiff fails to name the person responsible for the injuries

2  he describes or to link any of the named Defendants to the alleged harms.  Accordingly,

3  Counts II through XII will be dismissed for failure to state a claim.  Similarly, the Court will

4  dismiss Defendant Frasier because Plaintiff has made no claims against Defendant Frasier.

5  **V.    Claims for Which an Answer Will be Required**

6    When an inmate claims that prison officials violated his Eighth Amendment rights by

7  using excessive physical force, the relevant inquiry is "whether force was applied in a good-

8  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

9   Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not

10  rise to the level of objective seriousness required by other Eighth Amendment claims, but it

11  must be something more than *de minimis*. Id. at 9-10.

12    In the Defendants list on page two of the Complaint, and in Count I, Plaintiff claims

13  that his Eighth Amendment rights were violated when Defendant Meneses broke his nose and

14  tasered him while he was cuffed, Defendant Carfagna kicked and hit him while he was

15  cuffed, and Defendant Vance broke his fingers.  These allegations adequately state a claim

16  and the Court will require Defendants Meneses, Carfagna, and Vance to answer Count I.

17  **VI.   Warnings**

18    **A.    Release**

19    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

20  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

21  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

22  in dismissal of this action.

23    **B.    Address Changes**

24    Plaintiff must file and serve a notice of a change of address in accordance with Rule

25  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

26  relief with a notice of change of address.  Failure to comply may result in dismissal of this

27  action.

28

**TERMPSREF**

**C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $9.00.

(3)   Counts II through XII and Defendant Frasier are **dismissed** without prejudice.

(4)   Defendants Meneses, Carfagna, and Vance must answer Count I.

(5)   The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Meneses, Carfagna, and Vance.

(6)   Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1    action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

2        (8)    The United States Marshal must retain the Summons, a copy of the Complaint,

3    and a copy of this Order for future use.

4        (9)    The United States Marshal must notify Defendants of the commencement of

5    this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

6    Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

7    Marshal must immediately file requests for waivers that were returned as undeliverable and

8    waivers of service of the summons.  If a waiver of service of summons is not returned by a

9    Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

10    Marshal must:

11        (a)    personally serve copies of the Summons, Complaint, and this Order upon

12        Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

13        (b)    within 10 days after personal service is effected, file the return of service

14        for Defendant, along with evidence of the attempt to secure a waiver of service of the

15        summons and of the costs subsequently incurred in effecting service upon Defendant.

16        The costs of service must be enumerated on the return of service form (USM-285) and

17        must include the costs incurred by the Marshal for photocopying additional copies of

18        the Summons, Complaint, or this Order and for preparing new process receipt and

19        return forms (USM-285), if required. Costs of service will be taxed against the

20        personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

21        Civil Procedure, unless otherwise ordered by the Court.

22        (10)    **A Defendant who agrees to waive service of the Summons and Complaint**

23    **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

24        (11)    Defendants Meneses, Carfagna, and Vance must answer Count I of the

25    Complaint or otherwise respond by appropriate motion within the time provided by the

26    applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

27

28

**TERMPSREF**

1      (12)    Any answer or response must state the specific Defendant by name on whose

2  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

3  does not identify the specific Defendant by name on whose behalf it is filed.

4      (13)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules

5  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

6      DATED this 15th day of March, 2007.

7

8

9                          Stephen M. McNamee

10                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28