**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Shaun M. Harris,  )  No. CV 07-0374-PHX-SMM (DKD)
)
    Plaintiff,  )  **ORDER**
)
vs.  )
)
Meneses, et al.,  )
)
    Defendant.  )
)

In this civil rights action brought by *pro se* inmate Shaun M. Harris, Defendants moved to dismiss (Doc. #10) for lack of exhaustion. Thereafter, Plaintiff responded (Doc. #12) and Defendants replied (Doc. # 17). Further, Plaintiff seeks appointment of counsel (Docs. ##15, 16). The Court will grant Defendants' motion, dismiss the instant action, and deny Plaintiff's motion as moot.

**I.   Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Sergeant Meneses, Officer Carfagna, and Sergeant Vance, alleging that his constitutional rights were violated due to the use of excessive force (Doc. #1).[1]  Defendants were ordered to answer Plaintiff's claim and subsequently they filed a Motion to Dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies (Docs. ##3, 10). Attached to the motion was (1) an affidavit of

---

[1] The remaining Defendants and Counts were dismissed pursuant to 28 U.S.C. § 1915A(a) (Doc. #3).

Sergeant Susan Fisher who was assigned to the Inmate Hearing Unit; (2) Maricopa County Sheriff's Office Inmate Grievance Procedures; (3) Rules and Regulations for Inmates; (4) a blank inmate grievance form; and (5) a list of grievances filed by Plaintiff (Doc. #10).

## II.     Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## III.    Analysis

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his

decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final (Doc. #10, ex. 1 attach. A). Fisher attested that Plaintiff filed 125 inmate grievances relating to various jail conditions; however, Plaintiff failed to file any grievance relating to the alleged use of force on his person as described in his Complaint (id. ex. 1).

In his Complaint, Plaintiff asserted that he exhausted his administrative remedies (Doc. #1). However, in his response to Defendants' motion, Plaintiff maintained that he attempted to grieve this claim but Officer Cope refused to take his grievances (Doc. #12). Plaintiff also introduced a disciplinary action report, which he appealed to the facility commander in which he alleged that Meneses assaulted him (Doc. #12).

Defendants demonstrated the existence of a grievance system which, in regard to his claim of excessive force, Plaintiff failed to utilize. Plaintiff's assertions that he attempted to file grievances but was denied is contradicted by his Complaint in which he indicated that he did grieve his claims. His assertion is further contradicted by the fact that Plaintiff was permitted to file more than 100 grievances relating to various conditions. Plaintiff's argument that he was not permitted to grieve one issue, after being allowed to grieve multiple issues, is unconvincing. The Court thus concludes that Plaintiff failed to exhaust available remedies. See Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (providing that a prisoner must continue to pursue institutional remedies until "he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available"). Furthermore, Plaintiff's disciplinary appeal did not satisfy the exhaustion requirement because it was not presented to an External Referee. Consequently, Defendants' Motion to Dismiss will be **GRANTED** and Plaintiff's Motions for Appointment of Counsel will be denied as **MOOT**.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. # 10) is **GRANTED**. Plaintiff's action is dismissed without prejudice for lack of exhaustion.

- 3 -

1  (2) All other pending motions are **DENIED as MOOT**.

2  (3) The Clerk of Court shall enter a judgment of dismissal accordingly.

3  DATED this 19th day of June, 2007.

Stephen M. McNamee
United States District Judge

- 4 -